UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 23-190** |
| **EMUOBOSAN EMMANUELLA HALL** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant Emuobosan Emmanuella Hall's Motion for Withdrawal of Guilty Plea (Doc. 97). The Court held an evidentiary hearing on the Motion on April 24, 2025. For the following reasons, Defendant's Motion is **DENIED**.

### BACKGROUND

Defendant Hall is currently charged with two other defendants with conspiracy to defraud victims through a "romance scam." On August 24, 2023, a federal grand jury returned an indictment charging Kenneth G. Akpieyi ("Akpieyi") with mail fraud. On April 11, 2024, the grand jury returned a superseding indictment charging Defendant and her daughter, along with Akpieyi. The superseding indictment charged Defendant with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). Defendant was arraigned in this district on May 1, 2024, and was released on bond pending trial. When Defendant requested counsel, Tom Harang was appointed from Center for Justice & Accountability ("CJA") panel.

On November 22, 2024, the Government met with Defendant and her counsel at the U.S. Attorney's Office. Present for the government were FBI agents and the lead Assistant U.S. Attorney. The Government made a presentation of evidence, and the parties engaged in plea discussion. At Defendant's request, the Government representatives left the room and allowed her to confer privately with her counsel.

Three months later, on February 26, 2025, Defendant appeared before the Court and entered a plea of guilty, pursuant to a plea agreement, to conspiracy to commit mail and wire fraud and conspiracy to commit money laundering. On March 17, 2025, Mr. Harang filed a motion to withdraw as Defendant's counsel, which this Court granted. Defendant was appointed new counsel on March 21, 2025. On March 24, 2025, Defendant filed the instant Motion. The Government opposes.[1]

## LAW AND ANALYSIS

Defendant Hall argues that her guilty plea should be withdrawn because she alleges that during the November 2024 proffer session she was bullied into accepting the guilty plea. In her Motion, Defendant states that during this session "she maintained her innocence and the government banged on the table and tied the resolution of her daughter's case to her own case's resolution."[2] She also claims that the Government forced her to accept a false factual basis as true, and that her counsel told her that the incoming administration would take a harsher position against her if she did not plead guilty. Defendant also claims that she is factually innocent. Accordingly, she seeks to withdraw her guilty plea.

---

[1] Doc. 98.
[2] Doc. 97 at 2.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that: "A defendant may withdraw a plea of guilty or nolo contendere: . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." The burden of establishing such a "fair and just reason" remains at all times with the defendant.[3] There is no absolute right to withdraw a guilty plea.[4]

In *United States v. Carr*, the United States Court of Appeals for the Fifth Circuit stated that:

> Seven factors are to be considered in deciding such a motion:
>
> (1) whether the defendant has asserted his innocence;
> (2) whether withdrawal would prejudice the Government;
> (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay;
> (4) whether withdrawal would substantially inconvenience the court;
> (5) whether adequate assistance of counsel was available to the defendant;
> (6) whether his plea was knowing and voluntary; and
> (7) whether withdrawal would waste judicial resources.[5]

In considering these factors, this Court finds that they weigh against granting Defendant's Motion to Withdraw her Plea. First, Defendant has given inconsistent testimony regarding her innocence. During her rearraignment hearing before this Court, Defendant answered in the affirmative twice when asked if she was guilty of the crimes committed. A defendant's "'solemn declarations in open court carry a strong presumption of verity.'"[6] During the evidentiary hearing, the Court asked Defendant if she was not telling the truth when she previously plead guilty, and Defendant stated that she was not.

---

[3] United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996).
[4] *Id.*
[5] United States v. Gaitan, 954 F.2d 1005, 1011 (5th Cir. 1992) (citing United States v. Carr, 740 F.2d 339, 343–44 (5th Cir. 1984)).
[6] United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001) (brackets omitted) (quoting Blackledgev. Allison, 431 U.S. 63, 74 (1977)).

When asked if she was stating that she was innocent and not at all involved with the facts of this case, Defendant said that she was not saying that she was not involved at all, rather that she was only involved in certain activities such as money laundering. "Under the *Carr* framework, the defendant must not only assert his innocence, but also provide a substantial supporting record for this assertion in order to support his motion to withdraw."[7] Not only did Defendant fail to provide the Court with such a substantial supporting record of her innocence, but her own testimony casts serious doubt on her assertions. Accordingly, this factor weighs against allowing Defendant to withdraw her plea.

As to the second, fourth, and seventh factors, granting Defendant's motion would prejudice the Government, inconvenience the Court, and waste judicial resources. Though the Government and this Court have been preparing for Akpieyi's trial, allowing Defendant to withdraw her guilty plea would force the Government and the Court to prepare for a longer trial than anticipated. It would require adjusting the Court's, the Government's, and co-defendant's counsel's calendars, compromising the administration of other matters. Also, because Defendant's counsel has been newly appointed, and the current trial date is relatively soon, a continuance would likely be required for Defendant's counsel to familiarize himself with the case enough to adequately represent Defendant. Accordingly, these factors weigh against allowing Defendant to withdraw his plea.

As to the third factor, Defendant filed this Motion almost a month after her guilty plea was entered. While Mr. Harang testified that Defendant told him immediately after the rearraignment that she wanted to withdraw her plea, he also stated that she vacillated on this decision before she moved to

---

[7] United States v. Strother, 977 F.3d 438, 445 (5th Cir. 2020) (quotation marks omitted).

withdraw him as counsel. In *Carr*, the Fifth Circuit ruled that a motion was "not promptly filed" when the defendant waited just twenty-two days after his plea to do so.[8] As the court explained, "the rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."[9] Without assuming what, if any, tactical decision Defendant was making during the time between her plea and the filing of the instant Motion, the Court finds that this factor weighs against allowing Defendant to withdraw her plea.

As to the fifth factor, the Fifth Circuit has advised that the Court should consider "whether counsel was available to the defendant throughout the proceedings."[10] Prior to his withdrawal after Defendant's plea, Mr. Harang, an experienced criminal defense lawyer, represented Defendant throughout this prosecution. The Government contends that Mr. Harang was involved in the plea negotiation process. At the evidentiary hearing the Court held, both Defendant and Mr. Harang verified that they spoke multiple times before and after the plea. This factor weighs against allowing Defendant to withdraw her plea.

As to the sixth factor, in her Motion, Defendant alleges that her plea was not voluntary because of the Government's statements and behavior at the November 2024 proffer session. At the evidentiary hearing, the Court found that there was no evidence that those present on behalf of the Government at the proffer session acted in any way that was not appropriate or would result

---

[8] 740 F.2d at 345.
[9] *Id.*
[10] United States v. Tran, No. 21-30608, 2022 WL 17832289, at *5 (5th Cir. Dec. 21, 2022) (quoting United States v. Lord, 915 F. 3d 1009 (5th Cir. 2019)).

in Defendant giving an involuntary guilty plea. This prompted Defendant's counsel to concede that there was no evidence to support the assertions made in the instant Motion regarding this factor. Further, in the plea colloquy during Defendant's rearraignment, the Court thoroughly explored whether the plea was being entered knowingly and voluntarily and found that it was. Defendant affirmed her understanding of the factual basis and plea agreement during this colloquy. Accordingly, this factor also weighs against granting Defendant's motion. Because all the Carr factors weigh against allowing Defendant to withdraw her guilty plea, her Motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Withdrawal of Guilty Plea (Doc. 97) is **DENIED**.

New Orleans, Louisiana this 28th day of April, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**